UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LONNY JOSEPH DITIRRO, JR,

    Defendant.

Case No. 2:16-cr-00216-KJD-VCF

ORDER

Presently before the Court is Defendant's Motion Pursuant to 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (ECF #177, Sealed). The Government filed a response in opposition (ECF #198). Defendant filed a Reply (ECF #200). Defendant has also filed a Motion for Hearing (ECF #201) to which the Government filed a Response (ECF #203). Defendant filed a Reply (ECF #204). Finally, Defendant has filed a Motion for status update and to send further legal mail certified (ECF #207). The Clerk of the Court does not send copies via certified mail.

With respect to issues raised in the Motion to Vacate (ECF #177) relating to the evidence received at trial including: Discovery of the SD Card, the Search Warrant Application Process, Forensic Examination of the SD Card, the Indictment, Defendant's Suppression Motion, Magistrate's Evidentiary Hearing and Report and Recommendation, Defendant's Objections to the Report and Recommendation, the Motion *in Limine,* and Trial, the Ninth Circuit Court of Appeals has Affirmed the jury verdict and convictions. (ECF #167). Accordingly, Defendant's objections as to those matters are overruled and moot.

The Government's Response (ECF #203) sets forth accurately the analytical framework for habeas review. Defendant claims entitlement to relief based on ineffective assistance of counsel at both trial and appellate levels. To prevail on a claim of ineffective assistance of

counsel, a defendant must show both deficient performance and prejudice. *Strickland v. Washington* 466 U.S. 668, 687 (1984). Counsel does not render ineffective assistance by failing to raise a nonmeritorious argument. *James v. Borg* 24 F.3d 20, 27 (9th Cir. 1994). In *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989, the court held that failure to make a futile motion does not constitute ineffective assistance of counsel.

In Ground 1, Defendant claims that Officers Bianco and Wilson exceeded the scope of the private search of his SD card, and that all of the evidence on the SD card should have been suppressed. The Ninth Circuit has already ruled on this issue. To the extent that appellate counsel decided not to raise this weak issue was not deficient or prejudicial.

In Ground 2, Defendant alleges that the prosecution suborned perjury from the victims who testified that they were "raped". Apparently, Defendant does not yet understand that a child cannot legally consent to sexual exploitation. Counsel's decision not to raise this argument was neither deficient nor prejudicial. There was considerable testimonial evidence from victims that they were underage, that Defendant was aware their age, and that the defendant used force and deceit to obtain compliance.

Ground 3 accuses the government forensic examiner and Defendant's own expert of lying about operation of his SD card. Even if counsel could have undermined the experts' testimony the trial outcome would not have changed. The trial judge and the jury saw video taken by Defendant showing him raping the victims.

Ground 4 asserts that trial and appellate counsel performed deficiently by failing to investigate the grounds above, failing to investigate the case, failing to present evidence to show a mistake-of-age defense and failing to impeach witnesses. The forensic examiner hired by Defendant's attorney remained with him and assisted throughout the trial. The decision not to call him as a witness was strategic. If there was any lack of preparation, and the court saw none, it was the fault of Defendant who insisted on going to trial rather than seeking a continuance to allow his attorney more time to prepare. Mistake-of-age was not a viable defense. Defendant had pornographic images of infants and toddlers on his phone and admitted he knew that one of his victims was age 16. Other victims testified that they had informed Defendant of their ages and

- 2 -

that Defendant had represented his age to be 18. The jury could easily have concluded from viewing the witnesses that Defendant sought after juvenile victims. Counsel cannot be faulted for the decision not to insult the intelligence of the jury with a mistake-of-age argument.

Defendant's allegations of failures on the part of trial and appellate are contradicted by the record and accordingly there is no need to conduct a hearing. In the light of the overwhelming evidence of guilt and the videos he recorded, there is no evidence Defendant could have credibly introduced at trial to show actual innocence.

**CERTIFICATE OF APPEALABILITY**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; Allen v. Ornoski, 435 F.3d 946, 950-951 (9th Cir. 2006); see also United States v.Mikels, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. Id.; 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. (quoting Slack, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. Id.

The Court finds that Defendant has not met his burden in demonstrating the issues are debatable among jurists of reason; that other courts could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.

Accordingly,

**IT IS ORDERED that Defendant's Motions to Vacate (ECF #177) and for an Evidentiary Hearing (ECF #201) are DENIED.**

**IT IS FURTHER ORDERED that the Motion for Status Check and to send legal mail certified (ECH #207) is DENIED as Moot.**

**IT IS FURTHER ORDERED That Defendant is DENIED a Certificate of Appealability.**

//

- 3 -

**IT IS FURTHER ORDERED the Clerk of Court enter JUDGMENT for the Plaintiff and against Defendant.**

DATED: March 24, 2026

_____
Kent J. Dawson
United States District Judge